CAROL D. TURNER, Plaintiff-Appellant, *v.* WAYNE F. TURNER, Defendant-Appellee.

(No. 71-6;

Third District—June 29, 1971.

H. Reed Doughty, of Rock Island, for appellant.

Fred Patton, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Carol D. Turner filed a complaint in this cause for separate maintenance as against Wayne F. Turner, defendant. Defendant filed an answer denying the allegations relating to the separate maintenance complaint, and counterclaimed for a divorce. Following a hearing in the cause, defendant's complaint for separate maintenance was denied. The counterclaim was also denied. Plaintiff contends in this Court that the judgment of the trial court was contrary to the law and, also, contrary to the manifest weight of the evidence.

The record in the cause indicates that plaintiff is 30 years of age and her husband is 22 years of age. Plaintiff has been married previously. The parties to this action were married on September 10, 1968, in South Carolina and lived together as husband and wife until June 10, 1970. At that time defendant left stating that he did not wish to be married to plaintiff any more. Defendant contended that plaintiff did practically no cooking in the marital home; that plaintiff promised to stop smoking, and although she was aware that smoking disturbed her husband both physically and mentally, she continued to smoke. Defendant also asserted that plaintiff used a hairspray which caused defendant discomfort in the form of a skin rash and that, despite defendant's frequent requests, plaintiff continued to use the hairspray. Defendant alleged also that plaintiff berated, humiliated and abused him in the presence of his friends who thereafter refused to visit their home; that she constantly complained about money, and about defendant's driving habits. Defendant likewise complained that plaintiff's housekeeping habits were so poor that defendant had to arise at night and clean and pick up in the house. Plaintiff denied defendant's allegations as to cooking and cleaning but asserted that defendant drank a lot and would become violent and abusive, and that defendant left plaintiff saying that he didn't think their marriage would go and that he didn't want to be married.

The record shows that plaintiff has been employed and is self-supporting. While defendant was still in the service plaintiff had received an allotment of $137 monthly. Defendant was scheduled to be discharged on October 27, 1970, possibly through a dishonorable discharge, alleged by plaintiff to be due to "graft". Defendant at the time of the hearing was going to school as a college student and was living at home with his parents. His parents were paying for his college education and he was working in his father's sport shop for his room and board and an allowance of $10 a week.

As indicated at the outset of this opinion, the trial court denied

the separate maintenance to plaintiff and, likewise, denied the counterclaim of defendant for divorce. It is clear from the record that defendant has no assets, is not employed, and has no income. Under the terms of the Separate Maintenance Act in this State (Ill. Rev. Stat. 1969, ch. 68, par. 22) it is provided that the court can allow, in a proper case, "reasonable support and maintenance" to a wife while she and her husband live apart "or have so lived separate and apart". It is apparent that the separate maintenance statute provides for an action which is purely statutory in nature. (*Shapiro v. Shapiro*, 113 Ill.App.2d 374, 252 N.E.2d 93.) In view of the record in this cause, it is obvious that the statute simply provides for an equity action by the wife to sue for her support when the parties live separately. (*Milewski v. Milewski*, 351 Ill.App. 158, 162.) Since it is clear from the record that defendant cannot now support plaintiff, the court properly found for defendant in denying separate maintenance as requested. Similarly, on the basis of the record, there was no sound basis shown for entry of a divorce decree. The court may have concluded, on the evidence presented, that both parties were at fault in bringing about the separation, and that there was no sound basis for making an allowance of separate maintenance, since defendant was unable to furnish any funds for such purpose.

■■ In the state of the record as presented in this Court, it is, therefore, apparent that the trial court properly denied separate maintenance as well as the counterclaim for divorce and that the action of the trial court should be affirmed. We do not believe that the Separate Maintenance Act referred to provides for a procedure by the terms of which a decree would be entered allowing separate maintenance to a plaintiff when a defendant is not in a position to furnish any such maintenance. The parties still remain married, even though living separately, and the effect of the order of the court is simply to deny separate maintenance to plaintiff on the basis of the record in this cause. We find no reversible error in such procedure.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.